[Civ. No. 5954. First Appellate District, Division Two.—October 13, 1927.]

J. C. INGRAM et al., Appellants, v. ALEXANDER PANTAGES, Respondent.

Farrand & Slosson for Appellants.

W. I. Gilbert for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an action for damages for breach of contract.

This case was tried by the court sitting without a jury, and judgment was entered in favor of the defendant, from which judgment plaintiffs prosecute this appeal, based on the judgment-roll alone.

The facts are not in dispute, and are briefly these: Appellants were the owners of certain real property in the city of Fort Worth, state of Texas, and on November 18, 1919, they entered into a written lease and agreement with the respondent wherein appellants agreed to lease to respondent their property in Forth Worth, Texas, for a period of thirty years from January 1, 1920, at an annual rental of $15,000. Respondent immediately went into possession of the property under the lease and was in possession on the date of the trial of this cause in the superior court.

Said lease and agreement provides, among other things, that the lessee (respondent herein) should construct a building on said leased property within four years from January 1, 1920, at a cost of not less than $100,000; and, if respondent did not begin the construction of said building on said leased premises within the first year of the lease, that is, on or before January 1, 1921, he would deposit with the appellants (the lessors herein) the sum of $12,000, which sum appellants agreed to return to respondent immediately upon his beginning the construction of said building, if begun within the four-year period. Said lease also pro-

vided that respondent should have the exclusive right and option to purchase said leased property for the sum of $250,000 at any time on or before January 1, 1924.

The provision of the lease with reference to the deposit of $12,000, and the return thereof, is set forth in article VI of the lease, and is as follows:

"If lessee does not begin the construction of said building within the first year of this lease, then lessee shall deposit with lessors the sum of twelve thousand dollars ($12,000.00), which shall be immediately returned to lessee upon his beginning the construction of said building within the four-year period herein provided for, or his exercising his option to purchase hereinafter provided for, but if said building is not begun within said four-year period or said option to purchase exercised, then this twelve thousand dollars ($12,000.00) shall belong to lessors."

Respondent did not deposit the $12,000, or any part thereof, with appellants, and did not begin the construction of the said building within the first year of said four-year period, but did begin the actual construction of same in December, 1923, which was the last month in the four-year period within which the building should be constructed, according to the lease. Respondent also failed to exercise the option to purchase given him by the lease. Appellants, immediately after the expiration of the first year, demanded of the respondent that said sum of $12,000 be deposited, which demand was not complied with.

Appellants contend that by reason of respondent's failure to deposit the $12,000, as provided in said lease, they have been damaged to the extent of $2,450; claiming that they could have earned seven per cent interest on $12,000 from January 1, 1921, the date said $12,000 should have been deposited, until December, 1923, the date that respondent actually began the construction of the building on said leased premises; or, in other words, appellants contend that they are entitled to interest on said $12,000 at the rate of seven per cent for two years and eleven months, being the time intervening between the date said $12,000 should have been deposited and the actual commencement of the construction of the building. The court found that appellants could have earned and received seven per cent per annum on $12,000 for the period from the expiration

of the first year of the lease until the commencement of the construction of said building.

Therefore, the sole question presented is this: Would appellants have been entitled to employ and retain the earnings on this $12,000, at the rate of seven per cent per annum during the period it should have been on deposit with appellants, according to the lease? We think this question must be answered in the negative.

The portion of the lease above quoted plainly provides that if the lessee (respondent herein) did not begin the construction of the building within the first year of the lease, he was then to deposit with the lessors (appellants herein) the sum of $12,000, which was to be *returned to him immediately upon his beginning construction of the building at any time within the four-year period,* and further provided that said sum was to be returned to respondent if he exercised the option to purchase at any time before January 1, 1924, and provided that if the said building was not begun within the said four-year period of said lease, and said option was not exercised to purchase, *then* and in that event this $12,000 was to belong to the lessors. In other words, the lease provided that the title to said deposit of $12,000 should not pass from respondent to appellants until respondent had failed to do two things: (1) To commence the actual construction of said building within four years from January 1, 1920; (2) to purchase the property on or before January 1, 1924.

There is no provision in the lease and agreement which provides that the lessors are to use or acquire any benefit whatever from the $12,000 during the time it is on deposit with them. The lease merely provides for the deposit of $12,000 by the lessee in lieu of commencing the actual construction of said building during the first year of said lease, and the lessee was entitled to an immediate return of said $12,000 the very moment he began the construction of the building, if begun within the four-year period provided in the lease. Certainly, under such an arrangement, appellants would have no right to use this money or retain the earnings therefrom, until respondent had forfeited his ownership thereto by failing to comply with the terms of said lease above set forth.

It seems too clear to admit of argument that appellants, under the plain provisions of the lease, would not have been entitled to use, or employ, or invest said sum of $12,000, or any part thereof, or to receive or retain the earnings therefrom, if it had been deposited.

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.